CELESTE, Appellant,

v.

WISECO PISTON, Appellee.

[Cite as *Celeste v. Wiseco Piston,* 151 Ohio App.3d 554, 2003-Ohio-703.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2002–L–052.

Decided Feb. 14, 2003.

Richard N. Selby II, for appellant.

William J. O'Neil and Douglas B. Schnee, for appellee.

JUDITH A. CHRISTLEY, Judge.

{¶ 1}  In this accelerated calendar case submitted on the briefs of the parties, appellant, James A. Celeste, challenges the judgment of the Lake County Court of Common Pleas granting the motion of appellee, Wiseco Piston, to dismiss appellant's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6).  For the reasons that follow, the judgment of the trial court is reversed.

{¶ 2}  By way of background, on December 28, 2001, appellant filed a complaint alleging that he was wrongfully terminated from his employment with appellee in violation of public policy after he expressed concerns "to individuals and management" about the safety of its motorcycles.  Specifically, the complaint maintained that during the course of his employment, appellant made "numerous complaints" and "expressed concerns that the making of the proposed modifications to the motorcycle engines contemplated by [appellee] without adequate safety testing and adjustments would result in injury and/or death of the people purchasing the modification."

{¶ 3}  As a result of "express[ing] these concerns to individuals and management," appellant claimed that his employment was terminated in February 2001. According to the complaint, appellant's termination was "contrary to statute and public policy, including Ohio's tort laws, and constitutes a breach of [appellant's] rights in violation of Ohio law as set forth in *Greeley v. Miami Valley Maintenance Contractors*, 49 Ohio St.3d 228 [551 N.E.2d 981] (1990) and its progeny."[1]

{¶ 4}  On January 31, 2002, appellee filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief can be granted.  To support its position, appellee argued that appellant's wrongful termination claim was based upon the public policy embedded in R.C. 4113.52, Ohio's whistleblower statute.  As a result, appellee concluded that appellant's complaint was barred by the 180–day limitations period set forth in R.C. 4113.52 and appellant's failure to allege that he complied with the written notice requirements of the statute.

---

1.  On January 17, 2002, appellant filed an amended complaint which merely clarified and identified appellee as the only party defendant.

{¶ 5}   Appellant countered by filing a memorandum in opposition to the motion to dismiss.   Therein, appellant conceded that "the underlying public policy supporting [his common law tort claim for wrongful discharge in violation of public policy] is codified in Ohio Revised Code [Section] 4113.52, Ohio's Whistle-blower Statute."   Appellant, however, pointed out that he was not bringing a whistleblower claim pursuant to R.C. 4113.52; rather, he was attempting to set forth a separate common-law tort claim for wrongful discharge in violation of public policy.   Relying on *Pytlinski v. Brocar Prod., Inc.* (2002), 94 Ohio St.3d 77, 760 N.E.2d 385, appellant maintained that his common-law claim for wrongful discharge based on the public policy underlying R.C. 4113.52 was subject to the four-year statute of limitations and did not require compliance with the notice requirements contained in R.C. 4113.52.

{¶ 6}   In response, appellee filed a reply brief in support of the motion to dismiss.   Therein, appellee argued that the four-year statute of limitations espoused in *Pytlinski* was not applicable to appellant because his claim for wrongful discharge was premised upon the public policy contained in R.C. 4113.52, rather than some other source of public policy.

{¶ 7}   After taking the matter under advisement, the trial court issued a judgment entry on March 20, 2002, granting appellee's motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6).   In reaching this determination, the trial court noted that in his memorandum in opposition to the motion to dismiss, appellant admitted that his common-law wrongful discharge claim was based upon the public policy contained in R.C. 4113.52.   Therefore, the trial court recognized:

{¶ 8}   "It would be incongruous to allow [appellant] to bring a *Greeley* claim [that is, a common-law tort action for wrongful discharge] based on the public policy embodied in R.C. 4113.52 but not require [appellant] to comply with the dictates of that statute.   Such a practice would make the 180–day statute of limitations period and written notice requirement of R.C. 4113.52 inconsequential.   Furthermore, [appellant] makes a conclusory statement that his claim is a 'common law claim for wrongful discharge' but does not identify a source of public policy separate from the public policy embodied in R.C. 4113.52.   * * * Accordingly, as [appellant] has not identified a source of public policy separate from the public policy embodied in R.C. 4113.52 and as [appellant] concedes that he did not strictly comply with the requirements of R.C. 4113.52, [appellee's] Motion to Dismiss shall be granted."

{¶ 9}   From this judgment, appellant appeals, advancing a single assignment of error for our consideration:

{¶ 10}   "The trial court erred in granting Wiseco Piston's motion to dismiss pursuant to O.R.C.P. 12(B)(6)."

{¶ 11} Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a dismissal under Civ.R. 12(B)(6) is de novo. *West v. Sheets* (Dec. 20, 2002), 11th Dist. No. 2001–L–183, 2002-Ohio-7143, 2002 WL 31862573; *Camastro v. Motel 6 Operating, L.P.* (Apr. 27, 2001), 11th Dist. No. 2000–T–0053, 2001 WL 435361, at 4.

{¶ 12} Therefore, in order to grant a dismissal of a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *West* at 4–5; *Camastro* at 4. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party must be made. Id.

{¶ 13} Having set forth the appropriate standard of review, we consider the instant appeal. In his lone assignment of error, appellant submits the trial court's determination that the 180–day limitations period contained in R.C. 4113.52 was applicable to his common-law wrongful discharge claim directly conflicts with the pronouncement in *Pytlinski* that the four-year statute of limitations is applicable. According to appellant, he brought a common-law claim for wrongful discharge in violation of public policy and was not pursuing a claim under Ohio's whistleblower statute. Therefore, appellant believes that his common-law claim should be governed by the four-year statute of limitations rather than the 180–day limitations period set forth in R.C. 4113.52(D).

{¶ 14} In *Pytlinski*, the plaintiff alleged that he was discharged in violation of public policy because he complained about working conditions which jeopardized employee health and safety. Id. at 78, 760 N.E.2d 385. The Supreme Court of Ohio characterized the plaintiff's cause of action as one based upon the public policy favoring workplace safety, rather than the public policy contained in R.C. 4113.52. Id. at 79, 760 N.E.2d 385. In light of these facts, the issue before the Supreme Court was whether the 180–day statute of limitations set forth in R.C. 4113.52(D) applied to the plaintiff's common law claim for wrongful discharge in violation of public policy. Id., 94 Ohio St.3d at 78, 760 N.E.2d 385.

{¶ 15} Upon consideration, the Supreme Court determined that the plaintiff's common-law tort action for wrongful discharge in violation of public policy was governed by the four-year statute of limitations contained in R.C. 2305.09(D). In so holding, the court noted that the plaintiff was not asserting a whistleblower claim pursuant to R.C. 4113.52; rather, the plaintiff's cause of action was based in common law for violation of public policy:

{¶ 16} "Ohio public policy favoring workplace safety is an *independent basis* upon which a cause of action for wrongful discharge in violation of public policy

may be prosecuted. *Therefore,* [the plaintiff] *is not bound by the statute of limitations set forth in. R.C. 4113.52 because his cause of action is not based upon that statute, but is, instead, based in common law for violation of public policy.*

{¶ 17} "Having determined that the one-hundred-eighty-day limitations period set forth in R.C. 4113.52 does not apply to a common-law action for wrongful discharge in violation of public policy, we must determine what limitations period does apply. R.C. 2305.09(D) provides the general limitations period for tort actions not specifically covered by other statutory sections. An action for wrongful discharge in violation of public policy is not specifically covered by any statutory section. Accordingly, we find that *the limitations period for common-law claims for wrongful discharge in violation of public policy is four years as set forth in R.C. 2305.09(D)."* (Emphasis added.) *Pytlinski,* 94 Ohio St.3d at 80, 760 N.E.2d 385.

{¶ 18} In the instant matter, a review of appellant's complaint reveals that he did not plead a whistleblower claim pursuant to R.C. 4113.52. Instead, appellant brought a *Greeley* claim, that is, a common-law tort action for wrongful discharge in violation of public policy.

{¶ 19} Specifically, appellant alleged in his complaint that "[he] was terminated as a result of expressing concerns" to management that "certain modifications that [appellee was] making to motorcycle engines were not safe." As a result, appellant claimed that his termination was "contrary to statute and public policy, including Ohio's tort laws, and constitutes a breach of [appellant's] rights in violation of Ohio law as set forth in *Greeley v. Miami Valley Maintenance Contractors,* 49 Ohio St.3d 228 [551 N.E.2d 981] (1990) and its progeny." (Emphasis sic.) Thus, pursuant to the holding announced in *Pytlinski,* appellant's *Greeley* claim is subject to the four-year limitations period contained in R.C. 2305.09(D).

{¶ 20} Therefore, appellant had four years within which to file his claim against appellee for wrongful discharge in violation of public policy. The record reflects that appellant filed his complaint against appellee well within four years of the date he was terminated. Therefore, the trial court erred in dismissing appellant's *Greeley* claim on the basis that the 180–day limitations period set forth in R.C. 4113.52(D) applied.

{¶ 21} In addition, the trial court erred in dismissing appellant's complaint pursuant to Civ.R. 12(B)(6) on the basis that appellant was unable to identify a source of public policy independent from the public policy embodied in R.C. 4113.52.

{¶ 22} To reiterate, appellant brought a *Greeley* claim (*Greeley v. Miami Valley Maintenance Contrs.* [1990], 49 Ohio St.3d 228, 551 N.E.2d 981) alleging that he was wrongfully terminated from his employment because he reported concerns to management about consumer safety as to the motorcycles being produced by appellee. Then, in his motion in opposition to the motion to dismiss, appellant admitted that his *Greeley* claim was, indeed, based upon the public policy embedded in R.C. 4113.52 when he made the following statement:

{¶ 23} "[T]he underlying public policy supporting this claim is codified in Ohio Revised Code [Section] 4113.52, Ohio's Whistleblower Statute."[2]

{¶ 24} Thus, if appellant wished to rely on the public policy underlying the whistleblower statute to establish his *Greeley* claim, he had to comply with the requirements of R.C. 4113.52. *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 153, 162, 677 N.E.2d 308. Appellant's complaint, however, failed to allege that he complied with the notice requirements set forth in R.C. 4113.52. Accordingly, at first blush, it appears that appellant's *Greeley* claim may be barred. Our inquiry, however, does not end here.

{¶ 25} "[A]n employee is entitled to maintain a *Greeley* claim against his employer whether or not the employee complies with the dictates of R.C. 4113.52 if he can identify a source of public policy *separate* from the public policy embodied in R.C. 4113.52." (Emphasis sic.) *Doody v. Centerior Energy Corp.* (2000), 137 Ohio App.3d 673, 679, 739 N.E.2d 851. See, also, *Kulch,* 78 Ohio St.3d at 162, 677 N.E.2d 308; *Evans v. PHTG, Inc.,* 11th Dist. No. 2001–T–0054, 2002-Ohio-3381, at ¶ 25, 2002 WL 1401476; *Iberis v. Mahoning Valley Sanitary Dist.* (Dec. 21, 2001), 11th Dist. No. 2000–T–0036, at 5, 2001 WL 1647184.

{¶ 26} At the trial court level, appellant failed to specifically identify a source of public policy separate from R.C. 4113.52 to support his common-law claim for wrongful discharge. On appeal, however, appellant contends that his *Greeley* claim could be based upon a public policy independent of R.C. 4113.52. That public policy, appellant claims, is manifested in Ohio's Product Liability Act, R.C. 2307.71 et seq., favoring the protection of consumers from defective and dangerous products.

---

2. At most, such a statement may be viewed as a judicial admission. However, this judicial admission was made in appellant's memorandum in opposition to the motion to dismiss, which was *beyond* the pleadings. Civ.R. 7. In a Civ.R. 12(B)(6) exercise, the trial court can *only* look to the pleadings to make its determination. *Occhionero v. Edmundson* (Mar. 30, 2001), 11th Dist. No. 99–L–188, 2001 WL 314821, at 2. Therefore, any admission made by appellant in a post-pleading memorandum cannot be considered by the trial court or this court.

{¶ 27} There is no indication from the record that this particular argument was brought to the trial court's attention and considered below. However, in a Civ.R. 12(B)(6) exercise, "a trial court must examine the complaint to determine if the allegations provide for relief on *any* possible theory." (Emphasis added.) *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186.

{¶ 28} Furthermore, "[a] complaint should *not* be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies." (Emphasis added.) Id. at 667, 653 N.E.2d 1186. "Civ.R. 8(A) requires *only* that a pleading contain a short and plain statement of the circumstances entitling the party to relief. A party is *not* required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationships of the parties. 'The rules make clear that a pleader is *not* bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.'" (Emphasis added.) *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 525–526, 639 N.E.2d 771. We agree that this places an enormous burden on the trial court when it contemplates granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a cause of action. Thus, such dismissal should be granted very sparingly.

{¶ 29} In the instant matter, it is arguable that Ohio's Product Liability Act, R.C. 2307.71 et seq., may contain a public policy prohibiting employers from terminating an employee who reports to management his/her concerns about consumer safety as to the products being produced by the employer. Accordingly, there was an arguable theory upon which appellant may recover. Thus, pursuant to the standard set forth in *Fahnbulleh*, appellant's complaint was sufficient to withstand appellee's motion to dismiss.

{¶ 30} However, such might not have been the case had this been a motion for summary judgment. In that instance, materials outside the pleadings could be considered in appropriately determining this issue.

{¶ 31} Based on the foregoing analysis, appellant's lone assignment of error is meritorious only to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment accordingly.

DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.